## In the Matter of Joseph A. YOCUM, Respondent.

## No. 82S00–0910–DI–491.

Supreme Court of Indiana.

Jan. 21, 2010.

### PUBLISHED ORDER IMPOSING RECIPROCAL DISCIPLINE

The Indiana Supreme Court Disciplinary Commission filed a "Verified Notice of Foreign Discipline and Petition for Issuance of an Order to Show Cause," advising that Respondent was disciplined by the Commonwealth of Kentucky and requesting, pursuant to Indiana Admission and Discipline Rule 23(28), that reciprocal discipline be imposed in this state. On November 3, 2009, this Court issued an "Order to Show Cause." Both parties filed responses. This case is now before this Court for resolution.

Respondent is licensed to practice law in the State of Indiana. He was also granted leave to appear *pro hac vice* in a Worker's Compensation case in the Commonwealth of Kentucky in 2005–2007. On October 1, 2009, the Supreme Court of Kentucky found Respondent's conduct in that case violated that jurisdiction's rules of professional conduct. By that time, Respondent's *pro hac vice* status had lapsed. For his misconduct, Respondent was barred from requesting leave to practice law in Kentucky for 120 days.

Respondent's misconduct consisted of: (1) attaching to his client's Worker's Compensation application two medical report forms that he himself prepared but falsely represented as being prepared by physicians; and (2) commencing his representation before he had been admitted *pro hac vice* and continuing his representation after local counsel had withdrawn.

The Court finds that there has been no showing, pursuant to Admission and Discipline Rule 23(28)(c), of any reason why reciprocal discipline should not issue in this state. The Court, however, observes that the discipline imposed by the Supreme Court of Kentucky does not readily translate to an appropriate sanction in Indiana. Pursuant to Admis. Disc. R. 23(28)(c), the Court will therefore enter an order of discipline as it deems appropriate for the misconduct.

Respondent's misconduct is serious, particularly his fabrication of evidence. In *Matter of Barratt*, 663 N.E.2d 536 (Ind. 1996), an attorney fabricated a letter purportedly from him offering to compromise a claim against him and testified in a breach of contract action brought against him that the document was authentic. He later falsely told a bar association grievance committee that he mailed the letter to the plaintiff. For this misconduct, the Court imposed suspension of at least one year. The Court concludes that a period of suspension is warranted for Respondent, as set forth below.

**Discipline:** For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than 120 days, without automatic reinstatement, beginning February 25, 2010.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties

of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4).

All Justices concur.